UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

NINA HORTON,

                                            Plaintiff,

                        -against-

GREENBUILD LLC, DONALDSON INTERIORS, INC.,          Civ. No.:  16-cv-4595 (KAM)(LB)
DONALDSON ACOUSTICS CO., INC., ALL CRAFT
FABRICATORS, INC., DONAMO INTERNATIONAL, LLC,

                                            Defendants.

-------------------------------------------------------------------------------x

### DEFENDANTS DONALDSON INTERIORS, INC., DONALDSON ACOUSTICS CO., INC., ALL CRAFT FABRICATORS, INC., AND DONAMO INTERNATIONAL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

        Defendants, Donaldson Interiors, Inc., Donaldson Acoustics Co., Inc., All Craft

Fabricators, Inc., and Donamo International, LLC (referred to herein collectively as

"Defendants"), by and through their undersigned attorneys, respectfully submit the following

Answer to Plaintiff's Complaint in the above-captioned case.

### AS TO "NATURE OF ACTION"

        1.      Defendants deny the allegations set forth in Paragraph 1 of the Complaint,

except admit that Plaintiff purports to bring an action for alleged discrimination on the basis of

race, and retaliation pursuant to § 1981 of the Civil Rights Act of 1866 ("§ 1981") and the New

York City Human Rights Law ("NYCHRL").

        2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint,

except admit Plaintiff purports to bring this action for alleged discrimination on the basis of

gender, age, and disability, and retaliation in violation of the NYCHRL.

3.     Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except admit Plaintiff purports to bring this action for alleged failure to engage in a mandatory interactive process to identify a reasonable accommodation in violation of the NYCHRL.

4.     Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except admit Plaintiff purports to bring this action for alleged failure to pay her at the overtime premium rate for hours worked in excess of forty (40) in a workweek in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

## AS TO "JURISDICTION AN VENUE"

5.     Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

6.     Defendants deny the allegations set forth in Paragraph 6 of the Complaint, except admit Plaintiff purports to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.     Defendant denies the allegations set forth in Paragraph 7 of the Complaint, except admit Plaintiff purports that venue is proper under 28 U.S.C. § 1391(b).

## AS TO "TRIAL BY JURY"

8.     Defendants deny the allegations set forth in Paragraph 8 forth in Paragraph 8 of the Complaint, except admit Plaintiff requests a trial before a jury.

## AS TO "PARTIES"

9.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

## AS TO "STATEMENT OF FACTS"

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, but admit upon information and belief that Greenebuild hired Plaintiff.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, except deny that 2-07 Borden Avenue is owned by Defendants.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations, upon information and belief, set forth in Paragraph 21 of the Complaint.

22.    Defendants admit the allegations, upon information and belief, set forth in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations, upon information and belief, set forth in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint, except admit, upon information and belief, that Plaintiff did not have hiring or firing authority.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint, except admit Greenebuild relocated to a building in Brooklyn.

61.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 61 of the Complaint.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set for in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations, upon information and belief, set forth in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

## AS TO THE "FIRST CAUSE OF ACTION
## Hostile Work Environment in Violation of § 1981
## (Against All Defendants)"

80.     Defendants repeat and reallege their responses to Paragraphs 1 through 79 of the Complaint, as though fully set forth herein in response to Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint is a purported statement of law requiring no response.  Defendants respectfully refer all questions of law to the Court.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

## AS TO THE "SECOND CAUSE OF ACTION
## Unlawful Termination in Violation of § 1981
## (Against All Defendants)"

85.     Defendants repeat and reallege their responses to Paragraphs 1 through 84 of the Complaint, as though fully set forth herein in response to Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint is a purported statement of law requiring no response.  Defendants respectfully refer all questions of law to the Court.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

## AS TO THE "THIRD CAUSE OF ACTION
## Retaliation in Violation of § 1981
## (Against All Defendants)"

90.     Defendants repeat and reallege their responses to Paragraphs 1 through 89 of the Complaint, as though fully set forth herein in response to Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint is a purported statement of law requiring no response.  Defendants respectfully refer all questions of law to the Court.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

## AS TO THE "FOURTH CAUSE OF ACTION
### Hostile Work Environment in Violation of NYCHRL
### (Against All Defendants)"

96.     Defendants repeat and reallege their responses to Paragraphs 1 through 95 of the Complaint, as though fully set forth herein in response to Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint is a purported statement of law requiring no response. Defendants respectfully refer all questions of law to the Court.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

## AS TO THE "FIFTH CAUSE OF ACTION
### Unlawful Termination in Violation of NYCHRL
### (Against All Defendants)"

101.    Defendants repeat and reallege their responses to Paragraphs 1 through 100 of the Complaint, as though fully set forth herein in response to Paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint is a purported statement of law requiring no response. Defendants respectfully refer all questions of law to the Court.

103.   Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.   Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.   Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

## AS TO THE "SIXTH CAUSE OF ACTION
## Retaliation in Violation of the NYCHRL
## (Against All Defendants)"

106.   Defendants repeat and reallege their responses to Paragraphs 1 through 105 of the Complaint, as though fully set forth herein in response to Paragraph 106 of the Complaint.

107.   Paragraph 107 of the Complaint is a purported statement of law requiring no response. Defendants respectfully refer all questions of law to the Court.

108.   Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109.   Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110.   Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

## AS TO THE "SEVENTH CAUSE OF ACTION
### Failure to Engage in the Interactive Process to Provide a Reasonable Accommodation in Violation of the NYCHRL
### (Against All Defendants)"

112.    Defendants repeat and reallege their responses to Paragraphs 1 through 111 of the Complaint, as though fully set forth herein in response to Paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint is a purported statement of law requiring no response. Defendants respectfully refer all questions of law to the Court.

114.    Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

## AS TO THE "EIGHTH CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of the FLSA
### (Against Defendant Greenebuild)"

117.    Defendants repeat and reallege their responses to Paragraphs 1 through 116 of the Complaint, as though fully set forth herein in response to Paragraph 117 of the Complaint.

118.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint, and refer all questions of law to the Court.

119.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants.   To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Complaint.

120.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants.   To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Complaint and refer all questions of law to the Court.

121.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

### AS TO THE "NINTH CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of the NYLL
### (Against Defendant Greenebuild)"

124.    Defendants repeat and reallege their responses to Paragraphs 1 through 123 of the Complaint, as though fully set forth herein in response to Paragraph 124 of the Complaint.

14

125.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants.   To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint, and refer all questions of law to the Court.

126.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.    As this Cause of Action is not alleged against the Defendants answering herein, this paragraph requires no response from Defendants.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 127 of the Complaint and all claims for relief set forth thereunder and in the "Wherefore" clause.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

128.    Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR DEFENDANTS' FIRST DEFENSE

129.    Plaintiff's claims as alleged against the answering Defendants herein are improper, as Defendants were not Plaintiff's employer.

## AS AND FOR DEFENDANTS' SECOND DEFENSE

130.    At all times relevant hereto, Defendants have acted in good faith based on reasonable factors other than Plaintiff's race, gender, age, or disability and have not violated any rights which may be secured to Plaintiff under any federal, state, city, local or other laws, rules, regulations, codes or guidelines.

## AS AND FOR DEFENDANTS' THIRD DEFENSE

131.    Plaintiff's Complaint fails, in whole or in part, to state any claim against Defendants upon which relief can be granted or for which the damages, relief or other recovery sought can be awarded.

## AS AND FOR DEFENDANTS' FOURTH DEFENSE

132.    At all times relevant hereto, Defendants' actions regarding Plaintiff were based upon legitimate, non-discriminatory reasons unrelated to Plaintiff's race, gender, age, or disability.

## AS AND FOR DEFENDANTS' FIFTH DEFENSE

133.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR DEFENDANTS' SIXTH DEFENSE

134.    Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages, if any.

## AS AND FOR DEFENDANTS' SEVENTH DEFENSE

135.    Plaintiff's claims alleging discrimination and retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

## AS AND FOR DEFENDANTS' EIGHTH DEFENSE

136.    Plaintiff's claims alleging discrimination and retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiff

unreasonably failed to take advantage of preventive or corrective opportunities or to avoid harm otherwise.

## AS AND FOR DEFENDANTS' NINTH DEFENSE

137.    Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, consent, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

## AS AND FOR DEFENDANTS' TENTH DEFENSE

138.    Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies and to satisfy certain conditions precedent and/or jurisdictional prerequisites to instituting this action against Defendants.

## AS AND FOR DEFENDANTS' ELEVENTH DEFENSE

139.    Plaintiff's claims for punitive damages, if any, are barred due to Defendants' good faith efforts to comply with applicable anti-discrimination laws and/or because Defendants did not engage in any conduct with the required level of culpability to justify an award of punitive damages.

## AS AND FOR DEFENDANTS' TWELFTH DEFENSE

140.    Plaintiff's claims against Defendants are barred, in whole or in part, by the exclusivity provisions of the New York State Workers' Compensation Law.

## AS AND FOR DEFENDANTS' THIRTEENTH DEFENSE

141.    Even if Plaintiff could prove that her race, gender, age, or disability were factors in any decisions related to Plaintiff involving Defendants, which they were not,

Defendants would still have made the same decisions regardless of Plaintiff's race, gender, age, or disability.

### AS AND FOR DEFENDANTS' FOURTEENTH DEFENSE

142.    Plaintiff's Complaint fails to state a claim upon which liquidated damages or attorneys' fees may be awarded against Defendants.

### AS AND FOR DEFENDANTS' FIFTEENTH DEFENSE

143.    Plaintiff's claims for discrimination and/or harassment under the NYCHRL are barred, in whole or in part, because a reasonable person would consider any conduct in which Defendants engaged to constitute no more than petty slights or trivial inconveniences.

### AS AND FOR DEFENDANTS' SIXTEENTH DEFENSE

144.    In the event liability of Defendants is established pursuant to the Administrative Code of the City of New York § 8-101 et seq. based on the conduct of an employee, agent or independent contractor of Defendants, Defendants reserve their rights under the Administrative Code of the City of New York § 8-107(13) to demonstrate all relevant factors to be considered in the determination of liability and the mitigation of any damages, including but not limited to the implementation and compliance with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices.

### AS AND FOR DEFENDANTS' SEVENTEENTH DEFENSE

145.    Plaintiff's claims for retaliation under the NYCHRL are barred, in whole or in part, because the acts of alleged retaliation Plaintiff attributes to Defendants are not reasonably likely to deter a person from engaging in protected activity.

## AS AND FOR DEFENDANTS' EIGHTEENTH DEFENSE

146.    To the extent Plaintiff is claiming punitive damages against Defendants, Plaintiff is not entitled to recover any punitive damages against Defendants because, *inter alia*, Defendants acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

## RESERVATION OF DEFENSES

147.    Defendants reserve the right to amend their Answer to raise affirmative defenses as facts supporting those claims become known through the course of discovery.

WHEREFORE, the Defendants request this Court to:

1.    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2.    Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3.    Award Defendants the reasonable attorneys' fees and costs Defendants incur in defending this action; and

4.    Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully Submitted,

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601

By:    _____
Susanne Kantor
*ATTORNEYS FOR DEFENDANTS*
*DONALDSON INTERIORS, INC.,*
*DONALDSON ACOUSTICS CO., INC., ALL*
*CRAFT FABRICATORS, INC., and*
*DONAMO INTERNATIONAL, LLC*

Dated: November 2, 2016
        White Plains, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

NINA HORTON,,

                                                    Plaintiff,

          -against-

GREENBUILD LLC, DONALDSON INTERIORS, INC.,          Civ. No.:  16-cv-4595 (KAM)(LB)
DONALDSON ACOUSTICS CO., INC., ALL CRAFT
FABRICATORS, INC., DONAMO INTERNATIONAL, LLC,

                                                    Defendants.

---------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

           This is to certify that a true and correct copy of the foregoing Defendants

Donaldson Interiors, Inc., Donaldson Acoustics Co., Inc., All Craft Fabricators, Inc., And

Donamo International, LLC's Answer To Plaintiff's Complaint has been filed via ECF and served

via U.S. First Class Mail on the 2nd day of November, 2016 on counsel for Plaintiff at the address

set forth below:

                          Walker G. Harman, Jr.
                          Owen H. Laird
                          The Harman Firm, LLP
                          220 Fifth Avenue, Suite 900
                          New York, New York  10001
                          (212) 425-2600
                          *Attorneys for Plaintiff*

                                             _____
                                             Susanne Kantor