UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NINA HORTON,

                Plaintiff,

-against-

GREENEBUILD, LLC, DONALDSON INTERIORS, INC.
DONALDSON ACOUSTICS CO., INC., ALL CRAFT
FABRICATORS, INC., DONAMO INTERNATIONAL,
LLC,

                Defendants.
----------------------------------------------------------------X

Civ. No.: 16-cv-4595
(KAM)(LB)

JURY DEMANDED

# GREENEBUILD ANSWER

Defendant, GREENEBUILD, LLC, by its attorney, Joseph W. Ryan, Jr. P.C. answers the complaint of Nina Horton as follows:

**AS TO "NATURE OF ACTION"**

1. Defendant denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring an action for alleged discrimination on the basis of race, and retaliation pursuant to § 1981 of the Civil Rights Act of 1866 ("§ 1981") and the New York City Human Rights Law ("NYCHRL").

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint, except admits that Plaintiff purports to bring an action for alleged discrimination on the basis of gender, age, and disability, and retaliation in violation of the NYCHRL.

3. Defendant denies the allegations set forth in paragraph 3 of the complaint, except admits Plaintiff purports to bring this action for alleged failure to engage in mandatory interactive process to identify a reasonable accommodation in violation of the NYCHRL.

1

4. Defendant denies the allegations set forth in paragraph 4 of the complaint, except admits Plaintiff purports to bring this action for alleged failure to pay her overtime premium rate for hours worked in excess of forty (40) in a workweek in violation of the Fair Labor Standards Act ("FSLA") and New York Labor Law ("NYLL").

## AS TO "JURISDICTION AND VENUE"

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint, except admit Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint, except admit Plaintiff purports to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## AS TO "TRIAL BY JURY"

7. Defendant denies the allegations set forth in Paragraph 8 of the Complaint, except admit Plaintiff requests a trial before a jury.

## AS TO "PARTIES"

8. Defendant admits the allegation set forth in Paragraphs 9, 10, 11, 12, 13, and 14 of the Complaint.

## AS TO "STATEMENT OF FACTS"

9. Defendant denies the allegations set forth in Paragraphs 17, 18, 20, 21, 22, 23, 24, 25, 26, 28, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 61, 62, 63, 64, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78 and 79.

10. Defendant denies knowledge and information sufficient to form a belief as to allegations set forth Paragraphs 15, 16, 27, 29, 30, 32, 34, 42, 43, 65 and 66.

11. Defendant admits the allegations set forth in Paragraphs 22, 28, 51, and 60; as to Paragraph 19, Defendant admits Plaintiff worked for Defendant but denies knowledge or information sufficient to form a belief at to ownership of the premises; as to Paragraph 59, Defendant admits Plaintiff did have supervisory or decision-making authority, but did not have hiring and firing power.

## AS TO THE FIRST CAUSE OF ACTION

12. Defendant repeats and realleges its response to Paragraphs 1 through 79 of the Complaint, as though fully set forth in response to Paragraph 80 of the Complaint.

13. Paragraph 81 is a purported statement of law requiring no response. Defendant respectfully refers all questions of law to the Court.

14. Defendant denies the allegations set forth in Paragraphs 82, 83and 84.

## AS TO THE SECOND CAUSE OF ACTION

15. Defendant repeats and realleges its response to Paragraphs 1 through 84 of the Complaint, as though fully set forth in response to Paragraph 90 of the Complaint.

16. Paragraph 86 is a purported statement of law requiring no response. Defendant respectfully refers all questions of law to the Court.

17. Defendant denies the allegations set forth in Paragraphs 87, 88, and 89.

## AS TO THE THIRD CAUSE OF ACTION

18. Defendant repeats and realleges its response to Paragraphs 1 through 89 of the Complaint, as though fully set forth in response to Paragraph 90 of the Complaint.

19. Paragraph 91 is a purported statement of law requiring no response. Defendant respectfully refers all questions of law to the Court.

20. Defendant denies the allegations set forth in Paragraphs 92, 93, 94 and 95.

## AS TO THE FOURTH CAUSE OF ACTION

21. Defendant repeats and realleges its response to Paragraphs 1 through 95 of the Complaint, as though fully set forth in response to Paragraph 97 of the Complaint.

22. Paragraph 97 is a purported statement of law requiring no response. Defendant respectfully refers all questions of law to the Court.

23. Defendant denies the allegations set forth in Paragraphs 98, 99, and 100.

## AS TO THE FIFTH CAUSE OF ACTION

24. Defendant repeats and realleges its response to Paragraphs 1 through 100 of the Complaint, as though fully set forth in response to Paragraph 101 of the Complaint.

25. Paragraph 102 is a purported statement of law requiring no response. Defendant respectfully refers all questions of law to the Court.

26. Defendant denies the allegations set forth in Paragraphs 103, 104, and 105.

## AS TO THE SIXTH CAUSE OF ACTION

27. Defendant repeats and realleges its response to Paragraphs 1 through 105 of the Complaint, as though fully set forth in response to Paragraph 105 of the Complaint.

28. Paragraph 107 is a purported statement of law requiring no response. Defendant respectfully refers all questions of law to the Court.

29. Defendant denies the allegations set forth in Paragraphs 108, 109, 110 and 111.

## AS TO THE SEVENTH CAUSE OF ACTION

30. Defendant repeats and realleges its response to Paragraphs 1 through 111 of the Complaint, as though fully set forth in response to Paragraph 111 of the Complaint.

31. Paragraph 113 is a purported statement of law requiring no response. Defendant respectfully refers all questions of law to the Court.

32. Defendant denies the allegations set forth in Paragraphs 114, 115, and 116.

## AS TO THE EIGHTH CAUSE OF ACTION

33. Defendant repeats and realleges its response to Paragraphs 1 through 116 of the Complaint, as though fully set forth in response to Paragraph 117 of the Complaint.

34. Defendant denies the allegations set forth in Paragraphs 119, 120, 121, 122, and 123.

## AS TO THE NINTH CAUSE OF ACTION

35. Defendant repeats and realleges its response to Paragraphs 1 through 123 of the Complaint, as though fully set forth in response to Paragraph 123 of the Complaint.

36. Defendant denies the allegations set forth in Paragraphs 125, 126 and 127.

## FIRST AFFIRMATIVE DEFENSE

37. Plaintiff breached her duty of loyalty, good faith and commitment to the Defendant by, among other things, (a) the repeated failure to prepare timely payroll checks for the Defendant workforce, (b) the failure to diligently perform her work duties by consumption of social media and other personal matters, and (c) the making of a false claim for worker's compensation payments by feigning personal injuries purportedly caused by the Defendant workplace.

## SECOND AFFIRMATIVE DEFENSE

38. Defendant at all times has acted in good faith as a Minority Business Employer and took all reasonable steps to prohibit any form of discrimination based upon race, gender, of other disability in violation of law.

### THIRD AFFIRMATIVE DEFENSE

39. Plaintiff's Complaint fails, in whole or in part, to state any claim against the Defendants upon which relief can be granted or for which the damages, relief or other recovery sought can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff was fully compensated for all the work hours she performed.

### FIFTH AFFIRMATIVE DEFENSE

41. Defendant at all times, acted in good faith to comply with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and with reasonable grounds to believe that its actions did not violate the FLSA and NYLL, and asserts lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiff for, inter alia, liquidated damages.

### SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff's Complaint fails to state a claim upon which punitive damages, liquidated damages or attorneys' fees may be awarded.

### SEVENTH AFFIRMATIVE DEFENSE

43. Without admitting that Plaintiff was subject to the overtime or minimum wage provisions of the FLSA, or any equivalent New York State law, Plaintiff was paid properly under all applicable wage and hour laws.

### EIGHT AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment, set off or offsets permissible under the FLSA and the NYLL.

### NINETH AFFIRMATIVE DEFENSE

45. Even if Defendant has, in fact, failed to pay Plaintiff for any of the activities alleged in Plaintiff's Complaint, such activities do not constitute compensable work under the FLSA and furthermore, such activities were not an integral and indispensable part of the of the Plaintiff's principal activities of employment and are not compensable.

46. Defendant reserves all defenses available under the FLSA and/or NYLL.

### TENTH AFFIRMATIVE DEFENSE

47. At all times relevant hereto, Defendant's actions regarding Plaintiff were based upon legitimate, non-discriminatory reasons unrelated to Plaintiff's race, gender, age, or alleged disability.

### ELEVENTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims alleging discrimination and retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims alleging discrimination and retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or to avoid harm otherwise.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims for punitive damages, if any, are barred due to Defendants' good faith efforts to comply with applicable anti-discrimination laws and/or because Defendants did not engage in any conduct with the required level of culpability to justify an award of punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims against Defendant is barred, in whole or in part, by the exclusivity provisions of the New York State Workers' Compensation Law.

### SIXTEENTH AFFIRMATIVE DEFENSE

53. Even if Plaintiff could prove that her race, gender, age, or alleged disability were factors in any employment decisions by Defendant, which they were not, Defendant would still have made the same decisions regardless of Plaintiff's race, gender, age, or alleged disability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims for discrimination and/or harassment under the NYCHRL are barred, in whole or in part, because a reasonable person would consider any conduct in which Defendant allegedly engaged to constitute no more than petty slights or trivial inconveniences.

### EIGHTEENTH AFFIRMATIVE DEFENSE

55. In the event liability of Defendant is established pursuant to the Administrative Code of the City of New York § 8-101 et seq. based on the conduct of an employee, agent or independent contractor of Defendant, Defendant reserves its rights under the Administrative Code of the City of New York § 8-107(13) to demonstrate all relevant factors to be considered in the determination of liability and the mitigation of any damages, including but not limited to the implementation and compliance with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices.

### NINETEENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims for retaliation under the NYCHRL are barred, in whole or in part, because the acts of alleged retaliation Plaintiff attributes to Defendant is not reasonably likely to deter a person from engaging in protected activity.

## TWENTIETH AFFIRMATIVE DEFENSE

57. To the extent Plaintiff is claiming punitive damages against Defendant, Plaintiff is not entitled to recover any punitive damages against Defendant because, <u>inter alia</u>, Defendant acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

Dated: Melville, NY 11747
December 9, 2016

Respectfully submitted,

JOSEPH W. RYAN, JR., P.C.

By: *[signature]*
Attorneys for Greenebuild, LLC
225 Old Country Road
Melville, NY 11747-3331
Tel. 631 629 4968
joeryanlaw@earthlink.net

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on December 9, 2016, the ANSWER filed on behalf GREENEBUILD, LLC was served on The Harriman Firm, LLP, counsel for the Plaintiff, and on JACKSON LEWIS, P.C., counsel for the co-defendants, by ECF, email and regular U.S. First Class mail.

/s/ Joseph W. Ryan, Jr.
JOSEPH W. RYAN (JR2408)
Attorneys for Defendant
    TIMOTHY MUELLER
225 Old Country Road
Melville, NY 11747-3331
Tel. 631 629 4968
joeryanlaw@earthlink.net